# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**CHARLES EUGENE SIBLEY**                                                                        **PLAINTIFF**

**VERSUS**                                   **CIVIL ACTION NO. 1:08cv464-HSO-JMR**

**MIKE BYRD,** *et al.*                                                                 **DEFENDANTS**

## ORDER OVERRULING OBJECTION AND
## ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Objection [31] to Chief Magistrate Judge John M. Roper's Report and Recommendation [30], regarding Defendants' Motion for Summary Judgment [28]. Judge Roper reviewed Defendants' Motion [28] and determined that it should be granted, on grounds that Plaintiff failed to meet his burden of demonstrating any genuine issues of material fact which would preclude summary judgment on his section 1983 claim. After thoroughly reviewing the findings in the Report and Recommendation, in addition to the positions advanced by Plaintiff in his Objection, the Court finds that Plaintiff's Objection should be overruled, and that the Report and Recommendation should be adopted as the finding of the Court, along with the additional findings made herein.

## I. DISCUSSION

Plaintiff contends that he was denied adequate medical care while incarcerated as a pretrial detainee at the Jackson County Adult Detention Center ("JCADC"), when he purportedly sustained injuries after a collapsing bunk bed allegedly struck him. The Court has conducted an independent, *de novo*

examination of the record in this case, as well as of Judge Roper's Report and Recommendation and Plaintiff's Objection, and finds that Plaintiff's Objection should be overruled and that Judge Roper's Report and Recommendation should be adopted by this Court.

In addition, out of an abundance of caution and construing Plaintiff's Complaint liberally, to the extent Plaintiff may also claim he was subjected to an unconstitutional condition of confinement as it relates to the condition of the bunk bed and his cell, and the age of the JCADC facility, the Court has also considered this claim and is of the opinion that summary judgment is appropriate on it as well.

The Fifth Circuit has explained that "a 'condition of confinement' case is a '[c]onstitutional attack[ ] on general conditions, practices, rules, or restrictions of pretrial confinement.'" *Scott v. Moore,* 114 F.3d 51, 53 (5th Cir. 1997) (*en banc*)(quoting *Hare v. City of Corinth,* 74 F.3d 633, 644 (5th Cir. 1996) (*en banc*)). "[A] constitutional violation exists if [it is found] that the condition of confinement is not reasonably related to a legitimate, non-punitive governmental objective." *Id.* (*citing Hare*, 74 F.3d at 640).

In considering whether a condition of confinement resulted in the deprivation of liberty without due process of law, the inquiry focuses on whether the condition was punitive, since a state may not punish pretrial detainees. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979). "Punishment" may be loosely defined as "a restriction or condition that is not reasonably related to a legitimate goal-if it is arbitrary or purposeless." *Id.* at 539. "Reasonably related" means that the restriction is (1)

rationally related to a legitimate governmental purpose, and (2) not excessive in relation to that purpose. *See id.* at 561. The fact that "detention interferes with the detainee's understandable desire to live as comfortably as possible" does not equate to punishment. *See id.* at 537.

To the extent that Plaintiff's Complaint seeks to impose liability against Defendants in their individual capacities for allegedly unconstitutional conditions of confinement, to overcome Defendants' assertions of qualified immunity Plaintiff must offer proof that the conditions at the facility were imposed as a form of punishment. *See Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996). A punitive purpose can be established by direct evidence of intent by detention facility officials to punish the pretrial detainee. *See Bell,* 441 U.S. at 538. Alternatively, a punitive purpose may be inferred if the challenged condition is not reasonably related to a legitimate governmental objective. *See id.* at 539.

After a review of the evidence, the Court finds that Defendants are entitled to qualified immunity because Plaintiff has failed to adduce evidence sufficient to create a genuine issue of material fact as to whether the conditions of his confinement were imposed as a form of punishment. The record is bereft of any facts tending to indicate that Defendants were actually aware of the allegedly unconstitutional conditions at the facility. Furthermore, Plaintiff has not sufficiently alleged an express intent on the part of Defendants to subject him to any purportedly unconstitutional conditions as a measure of punishment. Plaintiff does not allege that the condition of the facility was maintained either arbitrarily or

purposelessly, and he presents no credible evidence from which such an inference may fairly be drawn. Absent such evidence, the Court is unable to conclude that Defendants violated Plaintiff's constitutional rights.

To the extent that Plaintiff is also raising a claim against Defendants in their official capacities for unconstitutional conditions of confinement, Plaintiff has not produced evidence of an official policy, practice, or custom of Jackson County which violated his constitutional rights. *See Lawson v. Dallas County*, 286 F.3d 257, 263 (5th Cir. 2002). The Court finds that Plaintiff's bare allegations, without more, are simply insufficient to support a claim that there existed a policy or custom which was the moving force behind any constitutional violation. At best, Plaintiff's assertions amount to negligent conduct in the management of the facility, which is insufficient to support an official capacity claim against Defendants. Accordingly, Defendants are entitled to summary judgment on Plaintiff's official capacity claims, to the extent that they relate to the conditions of the bed, his cell, or the facility. Based on the foregoing, Defendants' Motion for Summary Judgment should be granted on any conditions of confinement claim as well.

## II. CONCLUSION

After careful consideration of the record and the relevant law, the Court is persuaded that Plaintiff's Objection should be overruled, and that the Report and Recommendation of Chief Magistrate Judge John M. Roper entered on May 27, 2009, should be adopted as the findings of this Court, along with the additional findings set forth herein. Defendants' Motion for Summary Judgment should

therefore be granted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff's Objection [31] filed in this cause on June 3, 2009, should be, and is hereby, **OVERRULED.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Report and Recommendation [30] of Chief Magistrate Judge John M. Roper entered on May 27, 2009, should be and is hereby adopted in its entirety as the finding of this Court, along with the additional findings as stated herein.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendants' Motion for Summary Judgment [28] should be and is hereby **GRANTED**, and this civil action is hereby **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 27th day of August, 2009.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE